FILED

NOT FOR PUBLICATION

JUN 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ROBERT RUDERMAN, | No. 10-16670 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00887-GMS |
| v. | |
| CHARLES RYAN; ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: THOMAS, FISHER and IKUTA, Circuit Judges.

David Robert Ruderman appeals the denial of his 28 U.S.C. § 2254 habeas

corpus petition challenging his state court convictions for sexual conduct with a

minor and public sexual indecency to a minor. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*1. Right to an Impartial Jury.* Ruderman contends that he was denied his right to an impartial jury because the state court failed to strike sua sponte six jurors who were biased. Even if we were to review this claim de novo, it would fail. Because Ruderman did not move to dismiss the jurors for cause, he must show that the state trial court erred because "the evidence of partiality before the district court was so indicative of impermissible juror bias that the court was obliged to strike [the challenged jurors], even though neither counsel made the request." *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009); *cf. Wainwright v. Witt*, 469 U.S. 412, 429 (1985). A state trial judge's finding of impartiality is presumptively correct under 28 U.S.C. § 2254(e)(1). *See Smith v. Phillips*, 455 U.S. 209, 218 (1982). Given the extensive voir dire conducted by the court, the jurors' responses to the court's questions and the record of other jurors that the court did strike for cause, Ruderman has failed to rebut the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Given that Ruderman's claim would fail on a de novo review, the state appellate court's rejection of Ruderman's claim was not contrary to any Supreme Court precedent. *See Berghuis v. Thompkins*, 130 S. Ct. 2250, 2264 (2010).

*2. Ineffective Assistance of Counsel.* Ruderman argues that his trial counsel was ineffective for failing to move to strike the allegedly biased jurors for cause

2

and failing to adequately question jurors during voir dire. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Of the six jurors, four were subsequently questioned individually, either in court or in chambers, so we find no error as to them. Prospective jurors #7 and #21, however, were not questioned individually after revealing their past experiences.

Even if Ruderman's attorney performed deficiently, the state appellate court was not unreasonable in rejecting Ruderman's ineffective assistance of counsel claim. The state court could have reasonably rejected Ruderman's ineffective assistance of counsel claim because, under the second prong of the *Strickland* standard, he has not shown prejudice resulting from counsel's error. *See id*. at 697 (noting that courts may consider either prong of the test first and need not address both if the defendant fails one). Prejudice exists if counsel fails to question a juror during voir dire or move to strike a juror and that juror is found to be biased, because this evinces "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fields v. Brown*, 503 F.3d 755, 776 (9th Cir. 2007) (en banc) (quoting *Strickland*, 466 U.S. at 694). We recognize that additional questioning might have revealed further information about these jurors, but there is no evidence of actual or implied bias.

*a. Actual Bias.* "Actual bias is typically found when a prospective juror states that he [cannot] be impartial, or expresses a view adverse to one party's position and responds equivocally as to whether he could be fair and impartial despite that view." *Id*. at 767. Neither juror #7 nor juror #21 said she could not be impartial. Neither expressed a view adverse to Ruderman's position or responded equivocally as to whether she could be impartial. Moreover, the court and counsel repeatedly asked the jurors as a group whether they had any hesitations about their abilities to be impartial, and neither of these jurors responded equivocally.

*b. Implied Bias.* Implied bias may be inferred from certain "exceptional" circumstances that "leav[e] serious question whether the trial court . . . subjected the defendant to manifestly unjust procedures resulting in a miscarriage of justice." *Smith v. Phillips*, 455 U.S. 209, 222 (1982) (concurring opinion). Such circumstances include "a revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction." *Id*. The jurors' circumstances here are not comparable; simply being a victim of child molestation is insufficient to automatically establish implied bias. *See Tinsley v. Borg*, 895 F.2d 520, 527 (9th Cir. 1990) ("[C]ourts . . . should hesitate before formulating categories of

4

relationships which bar jurors from serving in certain types of trials. Only in 'extreme' or 'extraordinary' cases should bias be presumed." (citations and internal quotation marks omitted)).

Without a showing of actual or implied bias, Ruderman has not established that but for his attorney's errors, there is a reasonable probability that the outcome of the proceedings would have been different. His *Strickland* claim fails. Therefore, the state appellate court was not unreasonable in rejecting it.[1]

**AFFIRMED.**

---

[1] Because Ruderman's claims fail on the merits, we need not reach the question of whether such claims were properly exhausted. *See* 28 U.S.C. § 2254(b)(2).